# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LICIA L. HARPER,

      Plaintiff,

v.

ACS-INC, AMERICAN STUDENT-ASSISTANCE, STUDENT LOAN XPRESS, FIFTH-THIRD BANK NA, GREAT LAKES HIGHER-EDUCATION CORPORATION, AMERICAN-EDUCATION SERVICES, WACHOVIA BANK NA-WACHOVIA EDUCATION FINANCE, WACHOVIA-EDUCATION LOAN FUNDING, WACHOVIA-STUDENT LOAN TRUST 2006-1,

      Defendants.

Case No. 2:10-cv-12112

Judge Lawrence P. Zatkoff

## ORDER

AT A SESSION of said Court, held in the United States Courthouse, in the City of Port Huron, State of Michigan on August 19, 2010

PRESENT: HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Presently before the Court are approximately 15 motions that have been filed in the past six weeks, including a Motion to Set Aside Default Judgment, five Motions to Dismiss filed by the various defendants and a Motion for Summary Judgment filed by Plaintiff. In addition, the Court notes that, as of the moment it is preparing this Order, there are 78 docket entries for a case that was filed less than three months ago and for which no scheduling conference has even been scheduled. Finally, the docket reflects that, thus far, there have been five motions or

requests of the parties labeled "expedited" or "emergency." The Court therefore finds it necessary to address the frequent, and often unnecessary, filings in this case.

First, there are no emergencies in this case. It is a case about money. No one is going to die or be subject to torture as a result of this litigation. Accordingly, the Court hereby ORDERS that all parties and counsel immediately cease labeling their filings in this case with the words "emergency," "expedited" or anything similar. **Any party that violates the Court's prohibition shall be subject to monetary sanctions**.

Second, limited, if any, discovery has taken place thus far. As such, it is far too early in this case for the Court to rule on – or for the parties to have an opportunity to engage in meaningful discovery such that they can adequately respond to - any summary judgment motion that is not strictly legally-based (as opposed to factually-based). The Court's cursory review of Plaintiff's summary judgment motion reveals that, notwithstanding Plaintiff's representation that there are no facts in dispute, the summary judgment motion turns on whether there are facts in dispute (*i.e.*, Plaintiff is not suggesting that she is entitled to judgment based on *res judicata*, the statute of limitations or some other legal principle for which no discovery is necessary). Accordingly, the Court STAYS both its consideration of Plaintiff's Motion for Summary Judgment and the need for any party to respond to Plaintiff's Motion for Summary Judgment until further order of the Court and, by doing so, GRANTS the Motion to Stay filed by Defendant Affiliated Computer Services, Inc. (Docket #68) and the Motion to Stay filed by Defendants American Student Assistance and Great Lakes Higher Education Corporation (Docket #72). The Court also ORDERS that Plaintiff not file any document with the Court requesting that the Court order responses to her summary judgment motion until after the Court

has ruled on the outstanding Motions to Dismiss, which the Court can rule on at this time because they are legally-based and do not require discovery.

Third, Plaintiff has obtained a Clerk's Entry of Default Judgment against Defendants Wachovia Bank NA – Wachovia Education Finance, Wachovia Education Loan Funding and Wachovia Student Loan Trust 2006-1 (the "Wachovia Defendants"). Since the Entry of Default Judgment was entered, the Court has received: (1) a Motion to Set Aside Clerk's Entry of Default Judgment filed by the Wachovia Defendants, (2) Plaintiff's response to that motion, and (3) the Wachovia Defendants' reply to Plaintiff's response. In other words, the Motion to Set Aside Clerk's Entry of Default Judgment is fully briefed. Therefore, the repeated motions for default judgment, as well as similar documents seeking to expedite consideration of the Motion to Set Aside Clerks' Entry of Default, that Plaintiff has filed since July 29, 2010 (Docket #s 50, 59, 64 and 65) are superfluous and are hereby DENIED. The Court will rule on the Motion to Set Aside Clerk's Entry of Default Judgment (as well as the Motions to Dismiss) in due time, in accordance with the filings on its entire caseload docket.

Fourth, the parties are hereby ORDERED to cease filing "Notices" and other miscellaneous documents with the Court. The Federal Rules of Civil Procedure, together with the Local Rules for the Eastern District of Michigan, provide direction regarding what may be filed with this Court. From the entry of this Order forward, the Court will strike, without consideration of the merits, any documents that do not comport with the foregoing rules. **<u>Moreover, continued and repeated filing violations by a party will result in monetary sanctions against such party and/or the party's counsel, as appropriate</u>**.

Finally, with respect to any Motion to Dismiss, any Motion for Summary Judgment and any Motion to Set Aside Clerk's Entry of Default Judgment, each party is hereby ORDERED to provide the Court with a hard copy of every motion, response and reply that it has filed.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff  
LAWRENCE P. ZATKOFF  
UNITED STATES DISTRICT JUDGE

Dated: August 19, 2010