UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LICIA L. HARPER,

    Plaintiff,

v.

Case No. 10-12112
Hon. Lawrence P. Zatkoff

ACS-INC., AMERICAN STUDENT
ASSISTANCE, STUDENT LOAN EXPRESS,
FIFTH-THIRD BANK, N.A., GREAT LAKES
HIGHER EDUCATION CORPORATION,
AMERICAN EDUCATION SERVICES, WACHOVIA
BANK, N.A.-WACHOVIA EDUCATION FINANCE,
WACHOVIA EDUCATION LOAN FUNDING, WACHOVIA
STUDENT LOAN TRUST 2006-1,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on October 28, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter comes before the Court on a Motion to Set Aside Default Judgment (Docket #32) filed by Wells Fargo Education Finance, Inc. (successor-in-interest to named Defendant Wachovia Bank, N.A.-Wachovia Education Finance), Wachovia Education Loan Funding, LLC and Wachovia Student Loan Trust 2006-1 (the "Wachovia Defendants"). Plaintiff has filed a response

and the Wachovia Defendants filed a reply, to which Plaintiff filed a "reply."[1] The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motion to Set Aside Default Judgment be resolved on the papers submitted. For the reasons set forth below, the Wachovia Defendants' Motion to Set Aside Default Judgment is GRANTED.

## II. BACKGROUND

A.  **Service on the Wachovia Defendants**

On May 25, 2010, Plaintiff filed a Complaint with the Court. On June 3, 2010, Plaintiff filed with the Court a "Return of Service" as to the Wachovia Defendants. The "Return of Service" consisted of the Court's one-page form titled "Summons and Complaint Return of Service." Therein, Plaintiff indicated that the "Name of Defendant Served" was "Wachovia et al (affiliated Parties)" and that the "Date of Service" was June 2, 2010. In the Return of Service, Plaintiff also indicated that the method of service utilized was "Other" and specified that she "[s]erved via USPS First Class Mail @ 420 Montgomery Street[,] San Francisco CA 94104 c/o Wells Fargo." For her "Service Fees," Plaintiff specified that she had "Travel" costs of $8.75 and "Service" costs of $1.59 (for a total of $10.34). Plaintiff further states that: (1) the address to which the Summons and Complaint were sent was the Wells Fargo Corporate Headquarters, (2) the envelope was clearly marked "Wachovia c/o Wells Fargo," and (3) the envelope was addressed to "their Executive

---

[1]Although neither the Federal Rules of Civil Procedure nor the Eastern District of Michigan Local Rules provide for such a "reply," the Court reviewed and considered Plaintiff's "reply" in conjunction with deciding the Motion to Set Aside Default Judgment.

Agent." On June 22, 2010, Plaintiff filed an Amended Complaint on the Court's ECF system. Plaintiff has not argued that separate service of the Amended Complaint was made on the Wachovia Defendants, nor does the docket reflect that the Amended Complaint was served on, or even sent to, the Wachovia Defendants.

**B.     Clerk's Entry of Default and Clerk's Entry of Judgment by Default**

On July 19, 2010, Plaintiff filed a Request for Clerk's Entry of Default as to the Wachovia Defendants. Plaintiff attached to her Request for Clerk's Entry of Default a copy of the "Return of Service" she filed with the Court on June 3, 2010. On the same day, upon receipt of Plaintiff's Request for Clerk's Entry of Default against the Wachovia Defendants, the Eastern District of Michigan's Clerk's Office filed a Clerk's Entry of Default. Later in the day on July 19, 2010, Plaintiff filed a Request for Clerk's Entry of Judgment by Default as to the Wachovia Defendants. In support of her Request for Clerk's Entry of Judgment by Default, Plaintiff attached an Affidavit wherein she stated that:

> The claim against the defaulted party is for a sum certain or for a sum, which by computation can be made certain, and the plaintiff requests judgment in the amount of $364,367.70 from the defaulted party.

No documentation to support this amount was supplied with the Request for Clerk's Entry of Judgment by Default, and there is nothing in Plaintiff's Amended Complaint that specifies such an amount. The Eastern District of Michigan's Clerk's Office filed a Clerk's Entry of Judgment by Default the same day.

**C.     Communications with Emma Chen**

Plaintiff states that, on June 17, 2010, she received a call from Emma Chen, an attorney who stated she was calling on behalf of Defendant ASC-Inc. (an entity that Plaintiff contends is one of

3

the preferred servicers of the Wachovia Defendants' education loans). Ms. Chen left a message for Plaintiff requesting that Plaintiff return Ms. Chen's call. Plaintiff also states that Ms. Chen called Plaintiff on July 14, 2010, to seek concurrence in ASC-Inc.'s proposed motion to dismiss. Plaintiff does not state, and there is no suggestion on the record, that Ms. Chen indicated that she represented the Wachovia Defendants during the June 17, 2010, and/or July 14, 2010, communications or that Plaintiff discussed the Wachovia Defendants with Ms. Chen in conjunction with either of those communications. On July 21, 2010, Ms. Chen filed an appearance on behalf of the Wachovia Defendants (and another attorney at her firm filed an appearance on behalf of the Wachovia Defendants a day earlier), at which time the Wachovia Defendants filed the instant Motion to Set Aside Default Judgment.

### III. LEGAL STANDARD

A party against whom a default has been entered may petition the Court to set aside the entry for "good cause," and "if a judgment by default has been entered, [the court] may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c). "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: . . . (1) mistake, inadvertence, surprise, or excusable neglect; . . . (4) the judgment is void; . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion(s) must be made "within a reasonable time." *Id.*

> The three factors that must be considered in order to set aside a clerk's entry of default under 55(c) also apply to a Rule 60(b) motion. The three factors this Court must consider include: 1) whether the plaintiff will be prejudiced; 2) whether the defendant has a meritorious defense; and 3) whether culpable conduct of the defendant led to the default. Although the elements for relief under Rule 55(c) and Rule 60(b) are substantially the same, the standards

4

are applied more stringently when considering a motion to vacate judgment under Rule 60(b).

*Operating Engineers Local 324 Health Care Plan v. Davis Specialty Contracting, Inc.*, 09-13425, 2010 WL 1438767 (E.D. Mich., Apr. 9, 2010) (citing *United Coin Meter Company, Inc. v. Seaboard Coastline Railroad,* 705 F.2d 839, 845 (6th Cir.1983), and *Shepard Claims Service v. William Darrah & Assoc.,* 796 F.2d 190, 193-94 (6th Cir.1986) (internal quotations and citations omitted)).

### IV.  ANALYSIS

In considering the instant motion, the Court has reviewed:

1. The docket, in particular docket entries 1 (the Complaint), 4 (the Return of Service related to the Wachovia Defendants), 14 (the Amended Complaint), 24 (Plaintiff's Request for Clerk's Entry of Default), and 26 (Plaintiff's Request for Clerk's Entry of Judgment by Default);

2. The parties' briefs regarding whether the Clerk's Entry of Default and Clerk's Entry of Judgment by Default should be set aside;

3. Federal Rule of Evidence 4 (Summons), in particular section 4(h) (Serving a Corporation, Partnership, or Association);

4. Michigan Court Rule 2.105 (including subpart (D)); and

5. California Civil Code § 415.30.

For the following reasons, the Court concludes the Clerk's Entry of Default and Clerk's Entry of Judgment by Default entered against the Wachovia Defendants on July 19, 2010, must be set aside.

**A.  No Proper Service and No Support for Sum Certain**

"Before a court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). *See also Walker v. Brooke Corporation*, No. 08-14574, 2009 WL 1689653 at *1 (E.D. Mich., June 17, 2009) (citing *Harrison v. Burt*, No. 07-11412, 2008 WL

5

3984044 at *1 (E.D. Mich., Aug. 28, 2008)) ("A party is under no duty to respond and a court does not have personal jurisdiction over a defendant until that defendant has been properly served."). Moreover, "actual notice of the litigation is insufficient to permit a court to exercise jurisdiction over a defendant; rather, compliance with the requirements of Rule 4 must be shown." *Harrison,* 2008 WL 3984044 at *1. In other words, until a party has been properly served, the Court cannot take action against that party, including entering a default or judgment by default against that party.

Harper states in her affidavits supporting the Request for Clerk's Entry of Default and the Request for Clerk's Entry of Judgment by Default that she "served" the summons and complaint on the Wachovia Defendants "by United States Postal Service (USPS) First-Class Mail on June 2, 2010 and June 22, 2010." Such "service" is not sufficient under the "Federal Rules of Civil Procedure[, however, which] do not permit service of process on a corporation by mail, or service of process on any party by mail, only waiver of process can be properly delivered by mail." *Walker*, 2009 WL 1689653 at *2 (citing *Staudte v. Abrahams*, 172 F.R.D. 155, 156 (E.D. Pa. 1997)).

Federal Rule of Civil Procedure 4, pursuant to subparts (h)(1)(A) and (B), provides that U.S. corporations may be served "in the manner proscribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . ." It is undisputed that Plaintiff did not deliver a copy of the summons and complaint to any officer or agent of the Wachovia Defendants. *See Campbell v. Angela Hospice Home Health Care, Inc.*, No. 06-15513, 2007 WL 4571456 (E.D. Mich., Dec. 27, 2007) ("deliver" in Rule 4(h)(1) does not include service by mail, as mail service does not ensure receipt by the officer, director, or registered agent to which it may be addressed).

In addition to personal (physical) service on an individual, Rule 4(e)(1) permits service that

complies with the service of process rules in the state where the case is filed or in the state where service is made. In this case, as it pertains to the Wachovia Defendants, service under Rule 4(e)(1) would be proper if it constituted proper service under the laws of the State of Michigan (the state in which the case was filed) or the State of California (the state in which service was attempted). Significantly, courts in the Eastern District of Michigan consistently have held that proper service in Michigan does not include service by mail. *See Walker*, 2009 WL 1689653 at **2-3 ("Michigan rules do not authorize service by registered mail on corporations") (citing *Mosley v. Faurecia Auto. Seating, Inc.*, No. 08-10130, 2008 WL 1925051 (E.D. Mich., May 1, 2008), and *State Farm Fire & Cas. Co. v. Hamilton Beach/Proctor-Silex, Inc.*, No. 05-74700, 2007 WL 127909 (E.D. Mich., Jan. 11, 2007)).

California's Code of Civil Procedure permits service by mail, but it specifically requires return of a written acknowledgment of receipt of summons. *See* Cal. Civ. Code § 415.30; *LSJ Inv. Co., Inc. v. O.L.D., Inc.*, 167 F.3d 320 (1999) (finding that service of process by mail was improper under California law where written acknowledgment of receipt was not returned). In this case, Plaintiff has not contended, nor has she produced any evidence, that she required or received written acknowledgment of receipt of the Summons and Complaint by any of the Wachovia Defendants. Moreover, based on the representations of Plaintiff that she served the Wachovia Defendants by U.S. Postal Service "First Class Mail," there is no reason to believe that any return receipt was included or required in the mailing(s) she made to the Wachovia Defendants (particularly as her service costs for mailing the Summons and Complaint to the Wachovia Defendants were only $1.59).

Accordingly, for the reasons set forth above, the Court concludes that service was improper under the applicable federal, Michigan and California rules. In the absence of proper service, the Wachovia Defendants had no duty to respond to Plaintiff's mailings in this case. As such, the Court

holds that a Clerk's Entry of Default (and, therefore, a Clerk's Entry of Judgment by Default) never should have been entered against the Wachovia Defendants.[2] Therefore, the Court hereby sets aside and strikes the Clerk's Entry of Default (Docket #25) and Clerk's Entry of Judgment by Default (Docket #27) entered against the Wachovia Defendants on July 19, 2010.

**B.     Consideration of the Relevant Factors**

Alternatively, even if the Clerk's Entry of Default and Clerk's Entry of Judgment by Default were properly entered, the Court finds that a consideration of the factors to be evaluated when reviewing a motion to set aside an entry of default and/or judgment by default weigh heavily in favor of setting aside the entry of default and judgment by default.

First, Plaintiff would not be prejudiced if the Clerk's Entry of Default and Clerk's Entry of Judgment by Default are set aside. The Wachovia Defendants filed their Motion to Set Aside Default Judgment on July 21, 2010, which was only two business days after the Clerk's Entry of Default and Clerk's Entry of Judgment by Default were entered. The efficient administration of justice would be hindered little, if at all, and the delay of a couple days would not have any detrimental effect on Plaintiff's ability to litigate this matter. In addition, before Plaintiff filed her requests for default, other defendants had filed motions to dismiss. Such motions, which must be resolved before the case progresses, have now been fully briefed and are ripe for he Court's consideration.

Second, the Court finds that the Wachovia Defendants have meritorious defenses to Plaintiff's claims. Most significantly, there is a question of whether a majority, if not all, of

---

[2]The Court also finds that, even if it was proper to enter the Clerk's Entry of Default, the Clerk's Entry of Judgment by Default should not have been entered. Plaintiff did not attach any documentation to support the "sum certain" of $364,367.70 with her Request for Clerk's Entry of Judgment by Default, and that figure does not appear in her Complaint, her Amended Complaint or in any other filing she has made with the Court.

8

Plaintiff's claims are barred by the Higher Education Act (the "Act") because the Act does not allow for a private right of action to individuals for alleged violations of its provisions and regulations. *See, e.g., Thomas M. Cooley Law School v. The ABA, et al.*, 459 F.3d 705, 710-11 (6th Cir. 2006); *McCulloch v. PNC Bank, Inc.*, 298 F.3d 1217, 1221 (11th Cir. 2002). In addition, the Wachovia Defendants have raised a good faith challenges as to whether Plaintiff's complaint satisfies the pleading requirements of Rules 8 and 9 of the Federal Rules of Civil Procedure, as well as whether Plaintiff has pleaded a viable claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 *et seq.*

Third, although the Clerk's Entry of Default and Clerk's Entry of Judgment by Default, on their face, suggest that the Wachovia Defendants did not promptly defend this action, the record reflects otherwise. As discussed above, the Wachovia Defendants had good reason to believe they were not properly served. In addition, the Wachovia Defendants immediately responded upon the filing of the entry of default and judgment by default. Therefore, although the Wachovia Defendants failed to timely answer Plaintiff's Complaint/Amended Complaint, the Court is not persuaded that the failure to answer was attributable to a lack of diligence in defending this action. Accordingly, the Court concludes that Wachovia Defendants did not willfully fail to appear and defend the case against them.

For the reasons set forth above, the Court concludes that the all of the relevant factors weigh in favor of setting aside the Clerk's Entry of Default and the Clerk's Entry of Judgment by Default entered against the Wachovia Defendants.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, the Court hereby:

1. GRANTS the Wachovia Defendants' Motion to Set Aside Default Judgment (Docket #32); and

2. ORDERS that the Clerk of the Court STRIKE the Clerk's Entry of Default (Docket #25) and the Clerk's Entry of Judgment by Default (Docket #27).

IT IS SO ORDERED.


S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: October 28, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 28, 2010.

S/Marie E. Verlinde
Case Manager
(810) 984-3290