UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LICIA L. HARPER,

    Plaintiff,

v.

Case No. 10-12112
Hon. Lawrence P. Zatkoff

ACS-INC., AMERICAN STUDENT
ASSISTANCE, STUDENT LOAN EXPRESS,
FIFTH-THIRD BANK, N.A., GREAT LAKES
HIGHER EDUCATION CORPORATION,
AMERICAN EDUCATION SERVICES, WACHOVIA
BANK, N.A.-WACHOVIA EDUCATION FINANCE,
WACHOVIA EDUCATION LOAN FUNDING, WACHOVIA
STUDENT LOAN TRUST 2006-1,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on March 30, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

Once again, presently before the Court are many filings, most of which are untimely, frivolous and/or not permitted by applicable law and/or rules. The only filing that is pertinent, however, is *pro se* Plaintiff's filing entitled "TO ALL PARTIES AND THEIR COUNSEL OF RECORD:"(Docket # 136). Therein, Plaintiff states that she "will move the court pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to alter or amend the judgment rendered by" the undersigned on November 1, 2010. Plaintiff has not filed any additional materials regarding a Rule 59(e) motion, however, and the Court shall treat that filing as a motion for relief from judgment

pursuant to Fed. R. Civ. P. 59(e) (hereinafter, the "Rule 59(e) Motion"). Defendants ACS-Inc, Wachovia Bank NA-Wachovia Education Finance, Wachovia Education Loan Funding and Wachovia Student Loan Trust 2006-1 filed an answer to the Rule 59(e) Motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Rule 59(e) Motion be resolved on the papers submitted. For the reasons set forth below, the Rule 59(e) Motion is DENIED.

## II.  BACKGROUND

There is only one fact of relevance in addressing the Rule 59(e) Motion. On November 1, 2010, the Court granted five motions to dismiss filed by the Defendants and dismissed Plaintiff's cause of action. Two weeks later, Plaintiff filed the Rule 59(e) Motion. The verbatim content of the Rule 59(e) Motion, signed and dated November 16, 2010, is:

> **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**
>
> **PLEASE TAKE NOTICE** that Plaintiff, Licia L. Harper will move the court pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to alter or amend the judgment rendered by Honorable Lawrence P. Zatkoff, District Judge, on November 1, 2010. The basis for this motion is as follows:
>
> 1. The evidence was insufficient to support the judgment and the evidence supported a judgment for Plaintiff, Licia Harper.
>
> 2. The judgment is a manifest error of law and fact. In entering the judgment the court in ignored significant evidence and relevant law.
>
> 3. The court considered inadmissible evidence and ignored other proper evidence.
>
> 4. The court misapprehended the significance of the Defendants' and Wells Fargo's, who is not a real party in interest in this case,

        actions and maintained that such actions were proper, legal, and ethical when they were not.

5. The court wrongfully applied the law of pre-emption and other law contrary to controlling authority brought to the court's attention including United States Supreme Court cases and the court did not consider other case law brought to its attention. That included applying collateral estoppel to evidentiary findings as opposed to ultimate findings of fact.

6. The judgment is void because the misconduct of the Defendants' substantially prejudiced proceedings and interfered with Harper's right to the fair adjudication of her case The Court, the Defendants', and Wells Fargo, not a real party in interest in this case, engaged in procedures that denied Licia Harper a meaningful opportunity to participate in this litigation. The orders issued by this Court, the Defendants' and Wells Fargo's intentional failure to follow relevant law and procedures, the judgment as well as the manner in which it was rendered undermines the validity of the judgment; therefore, the proceedings and judgment were and are in violation of several of Licia Harper's Constitutional Rights; thus the judgment is void due to the severe manifest injustices that has occurred since Harper initiated this action against the Defendants'

### III. LEGAL STANDARD

"A district court may grant a Rule 59(e) motion only to (1) correct a clear error of law, (2) account for newly discovered evidence, (3) accommodate an intervening change in the controlling law, or (4) otherwise prevent manifest injustice." *Moore v. Coffee County, TN*, 2010 WL 4781414, at *1 (6th Cir. 2010) (citation omitted).

### IV. ANALYSIS

In reviewing the Rule 59(e) Motion, the Court finds that Plaintiff has submitted only conclusory statements to support her contention that the November 1, 2010, judgment entered by the Court should be altered or amended. None of Plaintiff's conclusory statements identify or

demonstrate: (1) any clear error of law relied upon by the Court, (2) any newly discovered evidence, (3) any intervening change in the controlling law, or (4) any manifest injustice that resulted from entry of judgment against her.  Accordingly, Plaintiff has not met her burden of establishing a basis for the Court to grant her Rule 59(e) Motion.  Therefore, Plaintiff's Rule 59(e) Motion is DENIED.

## V.  CONCLUSION

Accordingly, and for the reasons set forth above, the Court HEREBY ORDERS that Plaintiff's Rule 59(e) Motion is DENIED and that this case remains closed, as it has been since November 1, 2010.

Therefore, the Court FURTHER ORDERS that any and all motions, objections or other filings entered on the docket after November 30, 2010, that would otherwise require the Court to issue an opinion and/or order are hereby DENIED AS MOOT.

Finally, to be clear, this Court has decided **all** matters pending before the Court, and there are **no** issues left for **this** Court to resolve in this **closed** case.  **Therefore, the Court ORDERS that no party shall file any document in this Court with respect to this case, unless the filing is expressly permitted by a Federal Rule of Civil Procedure or a Local Rule of the Eastern District of Michigan.  In the event a party makes a filing in violation of the immediately preceding sentence, the Court shall impose sanctions on that party.**

IT IS SO ORDERED.

        S/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: March 30, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 30, 2011.

        S/Marie E. Verlinde
        Case Manager
        (810) 984-3290